IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTI CLAYTON, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. |
| v. ) | |
| ) | |
| ZONE HOLDINGS, LLC d/b/a WING ) | JURY TRIAL DEMANDED |
| ZONE, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Kristi Clayton ("Plaintiff" or "Clayton"), by and through undersigned counsel, and files this Complaint against Defendant Zone Holdings, LLC d/b/a Wing Zone ("Wing Zone") and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §201 *et seq*. (hereinafter the "FLSA"). With this action, Plaintiff also brings claims for damages for violations of the Equal Pay Act ("EPA"), as well as the anti-retaliation provisions of the EPA and FLSA.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Wing Zone is a Georgia limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.     Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Defendant owns and operates several Wing Zone restaurants in the metropolitan Atlanta, Georgia area.

7.

On January 1, 2016, Plaintiff began her employment with Defendant as a store manager.

8.

Throughout her employment with Defendant, Plaintiff was paid on an hourly basis and her regular hourly rate was $10.00.

9.

During her employment with Defendant, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid time and a half her regular rate for hours worked over 40 in a workweek.

10.

When Defendant failed to properly pay Plaintiff for overtime hours she worked at the restaurant, Defendant had actual or constructive knowledge that Plaintiff worked the hours she was not paid for.

11.

On numerous occasions during Plaintiff's employment with Defendant, Defendant fictitiously changed her pay rate to a lower rate that was paid for "driver work," despite the fact Plaintiff was not serving as a driver during the periods for which she was paid driver pay.

12.

When Defendant wrongfully changed Plaintiff's pay rate to driver pay, Defendant also failed to properly calculate overtime due to Plaintiff because, *inter alia*, Defendant did not use apply Plaintiff's correct overtime rate to Plaintiff's overtime hours.

13.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

14.

On or about March 8, 2016, Plaintiff learned that her male subordinate assistant manager was being paid significantly more than Plaintiff.

15.

Plaintiff discussed the fact her subordinate was being paid more with Defendant's corporate trainer, CJ Lawson, who stated to Plaintiff that Defendant was doing this because Plaintiff is "a chick".

16.

On or about February 27, 2016, Defendant's Vice President, Kelvin Johnson ("Johnson"), informed Plaintiff that she would be promoted to a general manager position.

17.

On March 24, 2016, Plaintiff complained to Johnson and Defendant's owners, Adam Scott and Matt Friedman, about pay practices that violate the FLSA and gender discrimination based on Defendant paying Plaintiff less than her male subordinate.

18.

On March 24, 2016, Defendant terminated Plaintiff and cited Plaintiff's complaint email in explaining the decision to terminate her.

19.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

20.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

21.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

22.

Plaintiff has suffered lost wages and other pecuniary losses as a result of Defendant's unlawful actions.

23.

Plaintiff has suffered emotional distress and other non-pecuniary losses as a result of Defendant's unlawful actions.

## **Count I**

### **Violation of the Overtime Wage Requirement of the FLSA**

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay properly calculated overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

26.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

27.

Defendant suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

28.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

29.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

30.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

31.

Defendant's violations of the FLSA were willful and in bad faith.

32.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

## Violation of the Equal Pay Act

33.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

34.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than a male employee performing substantially similar work.

35.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

36.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

## Count III

## Retaliation in Violation of the Equal Pay Act

37.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

38.

Plaintiff, a female, engaged in protected activity under the EPA by complaining to Defendant about being paid wages unequal to that of a male employee performing substantially similar work.

39.

Defendant retaliated against Plaintiff for complaining by terminating her employment.

40.

Defendant's actions constitute retaliation in violation of the EPA and the FLSA.

41.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

42.

Defendant's violations were willful and in bad faith.

43.

Plaintiff suffered adverse actions as a result of her statutorily protected conduct.

44.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the EPA and FLSA.

45.

As a direct and proximate result of the retaliation, Plaintiff has suffered lost wages and other pecuniary losses, as well as emotional distress and other non-pecuniary losses, for which she is entitled to recover from Defendant.

46.

Plaintiff is entitled to actual and liquidated damages, compensatory damages, including damages for emotional distress, attorneys' fees and costs of litigation as a result of the Defendant's violations.

## **Count IV**

### **Violation of 29 U.S.C. § 215(a)(3) (FLSA Retaliation)**

47.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

48.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

49.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

50.

Defendant is a "person" under the FLSA and was prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

51.

Plaintiff engaged in protected activity by complaining of wages practices that violate the FLSA.

52.

Defendant terminated Plaintiff because of her protected activity.

53.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

54.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

55.

Defendant's violations of the FLSA were willful and in bad faith.

56.

Plaintiff suffered adverse actions as a result of her statutorily protected conduct.

57.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

58.

As a direct and proximate result of the retaliation, Plaintiff has suffered lost wages and other pecuniary losses, as well as emotional distress and other non-pecuniary losses, for which she is entitled to recover from Defendant.

59.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, including damages for emotional distress, attorneys' fees, and the costs

of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)   Grant Plaintiff leave to add additional claims if necessary; and

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 7th day of July, 2016.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts

14

                                Georgia Bar No. 940504
                                Attorney for Plaintiff Kristi Clayton

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@justiceatwork.com